KANNER, Associate Justice.
This is an appeal by the appellant, Ruth R. Smith, from a judgment of conviction and sentence of six years in the state prison for the crime of embezzlement from the Criminal Court of.Record of Palm Beach County.
The amended information under which the appellant was tried charges that
“on the 11th day of December in the year of our Lord, one thousand nine hundred and fifty-three in the County and State aforesaid, being a public appointee of the City of Delray Beach, Florida, namely: City Clerk and City Treasurer of the City of Del-ray Beach, Florida; there came into her possession by virtue of her duties as City Clerk and City Treasurer, certain property of the City of Delray Beach, Florida, to-wit: Fifty-three Thousand Six Hundred Eighty-eight Dollars and Fifty-four cents, ($53,688.-54), good and lawful money of the United States of America, and the said Ruth R. Smith, did then and there unlawfully embezzle and convert to her own use the said property of the City of Delray Beach, Florida, to-wit: Fifty Three Thousand Six Hundred Eighty-Eight Dollars and Fifty-Four Cents, ($53,688.54), good and law (sic) *726 money of the United States of America, * * * ”
Section 812.10, Florida Statutes, F.S.A., under which the amended information is laid provides:
“Any state, county or municipal officer who shall:
“(1) Convert to his own use;
“(2) Secrete with the intent to convert to his own use; or
“(3) Withhold with the intent to convert to his own use,
“(a) Any money, property or effects belonging to or in the possession of the state, county, city or town, whose duty requires him to receive said public money, property or effects;
“ * * * shall in every such act be deemed guilty of an embezzlement of the money, property or effects so converted, secreted or withheld, and shall be punished by imprisonment in the state prison * *
The appellant contends here, in effect, that the corpus delicti of embezzlement was not sufficiently established as a predicate' for the introduction into evidence of certain admissions against interest made by the appellant, to which we will refer hereafter, and also that the evidence is not sufficient to sustain a conviction of embezzlement. , '
The appellant was an officer of the City of Delray Beach, serving in the capacity of City Clerk-City . Treasurer from June 1946 continuously until December 15, 1953. In her capacity as City Treasurer, she was entrusted with and was responsible for all of the monies received by the City. A post audit of the records of the office of City Treasurer for the period covering October 1, 1953, to December 11, 1953, disclosed a shortage ’ of $53,688.54. 'The appellant knew that a detailed audit of the accounts was being made; and while it was being done, she left the office that she occupied as the City Clerk-City Treasurer on Tuesday, December 15, 1953, and did not return.
The corpus delicti of embezzlement has been sufficiently established and comes within the two-year statutory limitation period. It is not necessary to delineate the evidence on this issue, but this may be demonstrated by citing that the State did show (1) the existence of a definite shortage of monies entrusted to appellant up to and as of December 11, 1953; (2) a fraudulent failure to account for all of the monies received daily from the Cashier, as required by her duties; (3) a fraudulent report of a bank deposit; (4) the ownership by the City of Delray Beach of the fraudulently converted monies; and (5) possession by the appellant of the monies at the time of the conversion, such possession having been derived through her fiduciary relationship as City Clerk-City Treasurer.
The admissions against interest were not introduced into evidence until the State had sufficiently established the corpus delicti. On Friday, December 18, 1953, being the Friday following the Tuesday that the appellant left her office, she was visited in her home by the City manager, the auditor, the auditor’s partner, an assistant to the City Attorney, and three council members. At this conference, the auditor presented to appellant a prepared statement showing about a $38,000 shortage in the accounts on the books of Délray Beach, and asked her if the statement was right. She said that it was “about right”. When asked how long it had been going on, she answered, “About four or five years.” When asked why, she replied, “No reason, particularly. The high cost of living.” She also stated that she was not covering up for anybody and that her husband was then trying to raise money so that she might make restitution.
The appellant offered no testimony in her own defense.
The corpus delicti having been established, and supported by such character of admissions against interest as were cited, amply presented a casé for jury determination. The evidence sustains the' *727 verdict of the jury. -The judgment of conviction is hereby affirmed.
Affirmed.
MATHEWS, C. J., and TERRELL and SEBRING, JJ., concur.